## Reading City Passenger Railway Co., Plff., in Err., *v.* George. J. Eckert et ux.

The mere fact that a woman is pregnant, if she is otherwise in a healthy condition, does not render her riding in a street car legally imprudent; and if while so riding she receives injury through the negligence of the street car company, she is entitled to recover damages therefor.

A lady advanced in pregnancy took passage in a street car which ran off the track, whereby she was thrown on the floor of the car; which co-operating with her condition caused a miscarriage, a long illness, and permanent injuries. In her action for damages there was evidence tending to show that the derailment was attributable to a defective brake and negligence of the driver; and, on the other hand, that her condition of health was such as to render it imprudent to start upon the trip. *Held,* upon the evidence, that a verdict of $1,500 damages in her behalf must be sustained.

(Decided March 15, 1886.)

Error to the Common Pleas of Berks County to review a judg-

---

NOTE.—It is to be noticed in this case that the injury did not result from mere fright. The plaintiff was thrown upon the floor of the car.

ment for plaintiff in an action to recover damages for personal injuries.    Affirmed.

The facts appear in the following portion of the charge of the court below, by HAGENMAN, J. :

The action is brought by George J. Eckert and Rebecca G. Eckert his wife, for the use of Rebecca G. Eckert, against the Reading City Passenger Railway Company, to recover damages for an injury which she alleges she received through the carelessness and negligence of the defendant company.

The evidence shows that on the 24th of August, 1878, Mrs. Eckert took passage in one of the defendant's cars at the cemetery; that she took her seat in the car, and that, at the point where the track turns from Robeson street into Sixth street, the car ran off the track; that she was thrown on the floor of the car and received the injury; that the car was afterwards got on the track again by the driver, and got as far as the Askew bridge, where she was required to change cars; that she was unable, without assistance, to get into the other car, which was to take the passengers from that point down Sixth street; that when she got off the car at Sixth and Court streets, she found herself in such condition that she could not walk on the pavement, and so walked in the street to her house, and after she got there went to bed, where she remained for some six or more weeks; that a physician, Dr. Landis, was called in, who saw her on the 24th, the day of the accident, and again on the 25th and 26th, and found hemorrhages of the womb and the probability of a miscarriage; that when he supposed this was averted, he desisted going there, but was called in again on September 4, when miscarriage did take place, and she remained in bed for six weeks. These injuries, Mrs. Eckert alleges, were caused by the negligence of the defendant company.

It is not seriously contested that Mrs. Eckert received injuries from the running off of the car; but it is alleged on the part of the defendant that she contributed to the injury, and therefore is not entitled to recover.

Had the fright alone resulted in the injury, no recovery could have been allowed. Ewing v. Pittsburgh, C. C. & St. L. R. Co. 147 Pa. 40, 14 L. R. A. 666, 30 Am. St. Rep. 709, 23 Atl. 340; Fox v. Borkey, 126 Pa. 164, 17 Atl. 604.

As a matter of law, anyone that contributes to an injury re-
ceived is not entitled to recover damages. The law does not
discriminate how great or how little the contributing act of neg-
ligence is, but, if one contributes to the injury, he is not entitled
to recover.

The inquiry then arises as to Mrs. Eckert's condition on the
day she took the street car. As appears by the testimony, she
was pregnant some four or five months. What was her health
otherwise? If she was pregnant simply, that did not deprive
her of her right to go on that car; nor was it an act of im-
prudence in her in taking passage in that car, if that simply was
her condition; and if, through the negligence of the company
she received injury, she would be entitled to recover.

Dr. Luther, speaking of his own personal knowledge, and he
had attended her four years previously for hemorrhage, says it
was not imprudent for her to take passage on the street car that
day. First of all you will ascertain whether there was gross
negligence upon the part of the defendant in the manner of run-
ning that street car that day; and if you find that so, and further
find that Mrs. Eckert was simply pregnant on that day, without
more, then she is entitled to recover. But though you should
find that the defendant was negligent in coming down that hill
in an uncommon and extraordinary manner, you will have to
inquire further whether Mrs. Eckert's condition was such as
would prevent a recovery.

On this point our instruction to you is that, if Mrs. Eckert
was in such a bodily condition that she could have ridden on the
car under the ordinary use of the road, she was not negligent or
imprudent, within the meaning of the law, in taking passage on
the road. The law does not require her to expect extraordinary
events, but only the effects of the ordinary running of the road;
and it does not require her to be in such a bodily condition as to
be able to withstand anything more than the effects of the usual
and ordinary running of the cars.

You see, therefore, that you are to ascertain, first, what Mrs.
Eckert's condition was when she took seat in that car. Was she
in the ordinary health of pregnant women? If she was, and
she was injured by the negligence of the defendant, she would
be entitled to recover. Again; if she was not in that usual good
health in which women are who are pregnant, but if, when she
took her seat in that car, she could have ridden in the car in the

ordinary use of the road, then she was not negligent or imprudent, within the meaning of the law, in taking passage on that road; and, if the car was run off of the track by the negligence of the defendant, and it was an extraordinary act of negligence upon the part of the company, she would be entitled to recover under the rules I have stated to you.

The plaintiff has submitted certain points of law upon which I have been requested to charge:

1. The mere fact that a passenger car of a railway company carrying passengers runs off the track, of itself and without further proof raises a presumption of negligence on the part of the company.

This is a principle of law that is recognized, and the point is affirmed.

2. When a passenger car of a railway company is derailed or runs off the track, and a passenger, without fault on her part, is injured, the company is liable for the injury, unless it satisfies the jury that it was not guilty of the slightest negligence, and that it could not have prevented the accident by the exercise of the highest degree of care.

This also is a principle of law that is recognized in the books, and the point is affirmed.

The third point has reference to damages and will be answered further on.

4. There is no evidence in this case of negligence on the part of the plaintiff; and, if the jury believe that the railroad company, or its servants and employees, could by proper care have avoided the accident in which the plaintiff claims to have been injured, the company is liable in this action for all injuries inflicted upon the plaintiff by the accident and directly resulting to her from it.

The court cannot say that there is no evidence in this case showing negligence on the part of the plaintiff, and therefore the point is answered in the negative. Negligence is always a question for the jury to pass upon, and we have referred to what is claimed upon the part of the defendant as being negligence in the plaintiff.

5. The fact that the plaintiff was pregnant at the time is no defense; and it is no defense to this action that Mrs. Eckert during the course of her life was treated by physicians for flooding, heart disease, colds, dropsy, vaginitis, or any other

disease; if she was injured by the carelessness of the defendant she is entitled to recover damages for all the injuries to her flowing directly from the accident.

We decline to charge you as requested in this point. We have given you the instructions in respect to what we regard the law upon the ordinary case of negligence, and also of uncommon and extraordinary negligence upon the part of the company.

The defendant has also submitted certain points:

1. That, if the jury believe that the roadbed of the street railway was well laid and in good condition; that the car in which the plaintiff was carried was comparatively new and in good running order; that the brake and the brake shoe were sound; that the car was driven by a good and careful driver, that the horses were driven at a moderate and a proper rate of speed, and the car jumped the track from the result of an accident that could not have been foreseen or provided against by the defendant, then the railroad company defendant was not liable.

This point is answered in the affirmative.

2. That, if, under all the evidence in the case, the jury believe the plaintiff, a woman then four or five months advanced in pregnancy, had been treated for twenty years for various diseases by the elder and younger Dr. Pancoast; that trouble of the uterus was one of the diseases; that she had been treated in 1874 by Dr. Martin Luther for hemorrhage of the womb; that she had been neglected in a former confinement by a physician; that she was a woman of delicate health and that it was imprudent in her condition in August, 1874, to ride in the street railway cars of the city of Reading, then the plaintiff was guilty of contributory negligence, and the railroad company would not be liable.

This point is affirmed.

3. If the jury find from the evidence that the injuries to Mrs. Eckert were not such injuries as that the defendant might and ought to have foreseen as likely to result from a street car running off the track, but was partly attributable to her previous delicate condition of health, then the plaintiff's injuries are not the natural and probable consequences of neglect on the part of the defendant, and the plaintiff is not entitled to recover.

This point is affirmed.

If in the examination of this testimony you should find that the plaintiff is not entitled to recover under the instructions of the law we have given you, you will return a verdict for defendant. But, on the other hand, if you find from the evidence, under the legal instructions given you, that the plaintiff is entitled to recover, the next question for you to consider is the amount of damages. This is the subject of the plaintiff's third point, which we will now answer.

3. A passenger who, without fault on her part, is injured by the negligence of a railway company, is entitled to full compensation for the injury suffered by her. In assessing the damages the jury should take into account the bodily injury of the passenger caused by the negligence of the company; the physical pain suffered and which she is likely to suffer by reason of the injury; the mental anguish experienced by her, and all the personal inconveniences and disabilities directly and naturally resulting to her by reason of the negligence of the company.

The law is stated in this point, and you will observe this in your consideration of the damages which you may see proper to give to the plaintiff.

The jury returned a verdict for plaintiff and the defendant brought error.

*Henry A. Muhlenberg, C. H. Schaeffer,* and *Geo. F. Baer,* for plaintiff in error.—The authorities are numerous that the supreme court will reverse when either the general charge tends to mislead the jury, or when it influences the jury in favor of one party.

That taken singly, no part of a charge may be pronounced to be erroneous, and yet that as a whole it may mislead, is a matter familiar to the minds of lawyers and judges. AGNEW, J., in Wenger v. Barnhart, 55 Pa. 300–310, citing Philadelphia & R. R. Co. v. Spearen, 47 Pa. 303, 86 Am. Dec. 544; Reeves v. Delaware, L. & W. R. Co. 30 Pa. 460, 72 Am. Dec. 713.

Hence, such general tenor is ground of reversal. Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 16, 33 Phila. Leg. Int. 338.

If the language of the court, taken in connection with the circumstances, may have misled the jury as to the law, or if

the tendency of the charge was to mislead them, it is such ground. Bisbing v. Third Nat. Bank, 93 Pa. 79–82, 39 Am. Rep. 726.

Also where the charge contains expressions having a tendency to mislead the jury as to the true character of the testimony. Fawcett v. Fawcett, 95 Pa. 376–380.

Also where the general tenor of the charge inadequately presented the case to the jury, and manifestly misled them as to the true points of inquiry. Youngman v. Miller, 98 Pa. 196–201; Rowand v. Finney, 96 Pa. 192; Gregg Twp. v. Jamison, 55 Pa. 468–474.

The questions of negligence and of proximate and remote cause are a matter entirely for the determination of the jury. Crissey v. Hestonville, M. & F. Pass. R. Co. 75 Pa. 83; Allegheny v. Zimmerman, 95 Pa. 287, 40 Am. Rep. 649; Lehigh Valley R. Co. v. McKeen, 90 Pa. 122, 35 Am. Rep. 644.

What is negligence is always a question for the jury, when the measure of duty is ordinary and reasonable care. West Chester & P. R. Co. v. McElwee, 67 Pa. 311; Johnson v. West Chester & P. R. Co. 70 Pa. 357; Pittsburg, A. & M. R. Co. v. Pearson, 72 Pa. 169; McKee v. Bidwell, 74 Pa. 218; Fox v. Booth, 1 W. N. C. 177, 32 Phila. Leg. Int. 283; Pennsylvania R. Co. v. White, 88 Pa. 329; Pennsylvania R. Co. v. Werner, 89 Pa. 59; Philadelphia City Pass. R. Co. v. Henrice, 92 Pa. 431, 37 Am. Rep. 699; Germantown Pass. R. Co. v. Walling, 97 Pa. 55, 39 Am. Rep. 796; Pennsylvania R. Co. v. Ogier, 35 Pa. 60, 78 Am. Dec. 322; Sullivan v. Philadelphia & R. R. Co. 30 Pa. 234, 72 Am. Dec. 698.

In an action for negligence the jury are the judges whether, under the peculiar circumstances, the act of the defendant was the proximate or remote cause of the injury. Holmes v. Watson, 29 Pa. 457; Lehigh Valley R. Co. v. McKeen, 90 Pa. 122, 35 Am. Rep. 644; Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; Pennsylvania & N. Y. Canal & R. Co. v. Lacey, 89 Pa. 458; Pennsylvania R. Co. v. Hope, 80 Pa. 373, 21 Am. Rep. 100.

Where there are any disputed facts, the question of contributory negligence is for the jury. Harrisburg v. Saylor, 87 Pa. 216; King v. Thompson, 87 Pa. 365, 30 Am. Rep. 364; Girard College Pass. R. Co. v. Middleton, 3 W. N. C. 486; West Philadelphia Pass R. Co. v. Whipple, 5 W. N. C. 68; McGetti-

gan v. Pennsylvania R. Co. 5 W. N. C. 235; Mallory v. Griffey, 85 Pa. 275; Pennsylvania R. Co. v. James, 81* Pa. 194; Pennsylvania R. Co. v. Fortney, 90 Pa. 323; Philadelphia & R. R. Co. v. Carr, 99 Pa. 505, 11 W. N. C. 549.

It is the duty of the plaintiff seeking to recover, where the gravamen of the action is the alleged negligence of the defendant, to show a case clear of contributory negligence on his own part. Lancaster v. Kissinger, 11 W. N. C. 151; Catawissa R. Co. v. Armstrong, 49 Pa. 186.

Concurrent negligence is the absence of such a degree of care as the circumstances demand. Pennsylvania Canal Co. v. Bentley, 66 Pa. 30.

One cannot recover damages for an injury caused concurrently by his own negligence and the negligent and unskilful acts of the defendant. Heil v. Glanding, 42 Pa. 493, 82 Am. Dec. 493; Harrisburg v. Saylor, 87 Pa. 216; Pennsylvania R. Co. v. Fries, 87 Pa. 235; Pittsburg & C. R. Co. v. McClurg, 56 Pa. 294.

An individual or a corporation is only responsible for the direct and immediate results of an act of negligence; such party is not responsible for those results that are remote, and which flow from some intermediate and intervening cause. The principle is embodied in the maxim, *Causa proxima non remota spectatur*.

Common carriers are answerable for the ordinary and proximate causes of their negligence; not for those which are remote and extraordinary. Morrison v. Davis, 20 Pa. 171, 57 Am. Dec. 695; Allegheny v. Zimmerman, 95 Pa. 287–295, 40 Am. Rep. 649; Pennsylvania R. Co. v. Aspell, 23 Pa. 147, 62 Am. Dec. 323.

The person committing the first act of negligence is not responsible for all its consequences. Pennsylvania R. Co. v. Kerr, 62 Pa. 354, 1 Am. Rep. 431; Lehigh Valley R. Co. v. McKeen, 90 Pa. 122, 35 Am. Rep. 644; Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 294, 27 Am. Rep. 653; Pennsylvania R. Co. v. Fries, 87 Pa. 234.

In the case of the miscarriage in May, 1879, a separate, distinct, and intervening agency stepped in, entirely different from the jolt on the street railway.

To warrant a recovery, the negligence must be the natural and probable cause of the injury; such a cause as, under the

surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act. Lancaster v. Kissinger, 11 W. N. C. 151; Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; Pennsylvania R. Co. v. Hope, 80 Pa. 373, 21 Am. Rep. 100.

*W. D. Horning* and *H. Willis Bland,* for defendants in error. —When a railroad company undertakes the transportation of a passenger, for an agreed price, the contract includes many things. On the part of the company, the contract implies that they are provided with a safe and sufficient railroad to the point indicated; that their cars are staunch and roadworthy; that means have been taken beforehand, to guard against every apparent danger that may beset the passenger, and that the servants in charge are tried, sober, competent men. When, in performing this contract, they hurt a passenger, without fault of his, the law raises, prima facie, a presumption of negligence and throws on the company the onus of showing it did not exist. This may be shown, and the legal presumption repelled, by proving that the injury resulted from inevitable accident, or, as it is commonly called, the act of God; or that it was caused by something against which no human foresight and prudence could provide. Whatever these can do for the safety of the passenger, the law requires the transporting company to do. Sullivan v. Philadelphia & R. R. Co. 30 Pa. 239, 72 Am. Dec. 698; Philadelphia & R. R. Co. v. Anderson, 94 Pa. 358, 39 Am. Rep. 787; Laing v. Colder, 8 Pa. 479, 49 Am. Dec. 533; Meier v. Pennsylvania R. Co. 64 Pa. 225, 3 Am. Rep. 581; Delaware, L. & W. R. Co. v. Napheys, 90 Pa. 135; Grote v. Chester & H. R. Co. 2 Exch. 251; Francis v. Cockrell, L. R. 5 Q. B. 184; Aston v. Heaven, 2 Esp. 535; Christie v. Griggs, 2 Campb. 81; Stokes v. Saltonstall, 13 Pet. 181, 10 L. ed. 115; Ware v. Gay, 11 Pick. 106.

Concurrent negligence on the part of a passenger on a railway car, which did not proximately contribute to the accident whereby he was injured, is not to be considered by the jury; to constitute a defense there must be a causal connection between the plaintiff's negligence and the injury. Thirteenth & F. Street Pass. R. Co. v. Boudron, 92 Pa. 475, 37 Am. Rep. 707. And see Monaghan v. Ferry Co. 9 W. N. C. 368.

Contributory negligence which has no operation in causing

the injury, but merely adds to the damage resulting therefrom,. is no bar to the action, but is to be considered in the *quantum* of damages. Gould v. McKenna, 86 Pa. 297, 27 Am. Rep. 705..

There is no legal presumption of contributory negligence aris- ing from the fact of riding in a car not intended for the use of passengers. Creed v. Pennsylvania R. Co. 86 Pa. 139, 27 Am. Rep. 693.

One who, without negligence, has placed himself in a posi- tion of danger is not responsible for an error of judgment in extricating himself from the peril so that he exercises it bona fide. Pennsylvania R. Co. v. Werner, 89 Pa. 59.

The negligence of the plaintiff, which will bar a recovery of damages for an injury sustained by the defendant's negli- gence, must be such as contributes to the injury complained of;. that is, as expressed by a learned and philosophic writer, it. "must be such that, by the usual course of events, it would re- sult, unless independent disturbing moral agencies intervened,. in the particular injury." 2 Thomp. Neg. 1151.

As there is a natural presumption that everyone will act with care, it cannot be imputed to the plaintiff as negligence,. that he did not anticipate culpable negligence on the part of the defendant. Shearm. & Redf. Neg. p. 37, § 31.

So the liability of carriers depends, not upon the physical ability of the passengers, but upon their own conduct; and,. where a stage coach was so carelessly driven by a drunken driver that he capsized the coach and greatly injured a female pas- senger, causing her to miscarry, the carrier was held liable for all the immediate results, and he was not permitted to complain that such passenger was not in a condition to have a stage upset.. 4 Wait, Act. & Def. p. 663.

The question of due care or negligence is for the jury; the witness cannot be asked whether a party to a suit exercised due care. Hopkins v. Indianapolis & St. L. R. Co. 78 Ill. 32.

Nor whether a person is a careful driver. Morris v. East Haven, 41 Conn. 252.

Nor, in an action for assault and battery, whether the de- fendant's act was justifiable. Barts v. Morse, 126 Mass. 226.

Nor after testifying, in answer to hypothetical questions,. that he should consider the testator of sound mind, can he testify directly that he considered the testator competent to make a will. May v. Bradlee, 127 Mass. 414.

A witness cannot be asked as to whether certain conduct was negligent or otherwise. Livingston v. Cox, 8 Watts & S. 61; Crofut v. Brooklyn Ferry Co. 36 Barb. 201; Teall v. Barton, 40 Barb. 137.

A medical man is not competent to say that a particular act was an act of insanity. Rex v. Wright, Russ. & R. C. C. 456; 1 Greenl. Ev. § 440.

A person who has suffered personal injury through the negligence of another without fault of his own is entitled to recover damages for the mental and physical inconvenience he has suffered; for the pain and suffering he has already endured, bodily and mental, and which he is likely to endure by reason of the injury. Scott Twp. v. Montgomery, 95 Pa. 444; Pennsylvania & O. Canal Co. v. Graham, 63 Pa. 290, 3 Am. Rep. 549; Pennsylvania R. Co. v. Allen, 53 Pa. 276.

Evidence is admissible, as to the continuing effect of the injury up to the trial. Sheehan v. Edgar, 58 N. Y. 631.

The length of the plaintiff's sickness should be considered. Hunt v. Hoyt, 20 Ill. 544.

Future suffering should also be considered. Stewart v. Ripon, 38 Wis. 584; Fry v. Dubuque & S. W. R. Co. 45 Iowa, 416; Aaron v. Second Ave. R. Co. 2 Daly, 127.

If the injury be permanent, compensation should be given for the future as well as present disability. Filer v. New York C. R. Co. 49 N. Y. 42, 10 Am. Rep. 327; Toledo, W. & W. R. Co. v. Baddeley, 54 Ill. 19; Pittsburg, A. & M. Pass. R. Co. v. Donahue, 70 Pa. 119.

PER CURIAM:

On a careful examination of all the specifications of error we are not able to discover anything which demands a reversal of this judgment. No proper evidence was withheld from the jury. The points were well answered and the charge presented the case fairly to the jury.

Judgment affirmed.